UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR2, Mortgage Pass-Through Certificates,<br><br>Plaintiff,<br><br>v.<br><br>ATALL SHERZAD, et al.,<br><br>Defendants. | No. 2:19-cv-2512-MCE-EFB<br><br>**ORDER** |

On December 16, 2019, Defendants, proceeding pro se, filed a Notice of Removal of this unlawful detainer action from the San Joaquin County Superior Court.[1] ECF No. 1. This Court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (internal citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v.

---

[1] Despite Defendants' pro se status, the undersigned revokes any actual or anticipated referral to a Magistrate Judge. See L.R. 302(c)(21).

1

Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). As explained below, Defendants failed to meet that burden.

The Notice of Removal is premised on the argument that this Court has federal jurisdiction pursuant to 28 U.S.C. § 1331. ECF No. 1 at 2-3. However, a review of the Complaint reveals that Plaintiff has not alleged any federal claims; instead, Plaintiff's only claim is for unlawful detainer under state law. ECF No. 1 at 5.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the fact of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). This is the case where the complaint "establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

Here, Plaintiff's one cause of action is for unlawful detainer under state law. At most, Defendants allege that they have a defense under federal law. "A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." ARCO Envtl. Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000) (citation and quotation marks omitted). Therefore, this Court lacks jurisdiction under 28 U.S.C. § 1331.[2]

Accordingly:

1. The action is REMANDED to the San Joaquin County Superior Court.

---

[2] Nor have Defendants established that this Court has diversity jurisdiction, since the Notice of Removal does not establish diversity of the parties or that the amount in controversy exceeds $75,000. See Fed. Home Loan Mortg. Corp. v. Cantillano, No. CV 12-01641 GAF (CMx), 2012 WL 1193613, at *2 (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole.").

2. The Clerk of Court is directed to serve a certified copy of the order on the Clerk of the San Joaquin County Superior Court, and reference the state case number (No. MAN-CV-LUDRF-2019-011744) in the proof of service

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: January 7, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE